CRIMINAL PROCEEDINGS - **Sentencing**

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF IDAHO

Judge B. Lynn Winmill          Date: 11/13/2012
Case No. **1:12-cr-178-BL**W     Deputy Clerk: Jamie Gearhart
Place: Boise                   Reporter: Tammy Hohenleitner
                               Time: 9:00 - 10:00 am


UNITED STATES OF AMERICA vs MICHAEL JAMES ANGUS

Counsel for United States - James Peters
Counsel for Defendant - Gerald Bublitz
Probation - Brent Flock

(X) Court reviewed case history
(X) No objections to the Presentence Report were filed, accept for
    restitution issues. The Court retains jurisdiction over the
    restitution issues.
(X) Victim's mother presented a victim impact statement.
(X) Counsel made sentencing recommendations to the Court.
(X) Defendant made remarks on his own behalf.
(X) Court Grants Government's motion for 3rd point reduction for
    acceptance of responsibility.
(X) Restitution hearing will be held within 90 days of this
    sentencing hearing.
(X) Court addressed 3553(a) factors.

SENTENCE: Defendant is hereby committed to the custody of the
Bureau of Prisons to be imprisoned for a term of 120 months.  Court
recommends that the defendant be credited with all time served, and
that the defendant be placed in the facility at FCI-Lompoc or a
facility where the defendant can receive sex offender treatment.

Defendant shall submit to DNA collection.

The Court finds that the defendant does not have the ability to pay
a fine, therefore the fine is waived. $100.00 special assessment is
due immediately.  The Court retains jurisdiction over the
restitution issue and a hearing will be set by a separate notice.
Defendant shall submit nominal payments of not less than $25 per
quarter while incarcerated through the Inmate Financial
Responsibility Program.  All payments to be made to Clerk of the
Court, District of Idaho, 550 W. Fort St., Boise, ID 83724.

Following term of imprisonment, Defendant shall be placed on
supervised release for a term of life.

Court finds that the defendant poses a low risk of future substance

abuse such that mandatory testing is waived.

Defendant shall not possess firearms or other dangerous weapons.

Defendant shall not commit another federal, state, or local crime.

All standard conditions of supervision shall apply, plus the following special conditions:

1) The Defendant shall pay any special assessment or other financial obligation that is imposed by this judgement and that remains unpaid at the commencement of supervised release as a condition of supervision.  Payments to be made to Clerk of the Court, District of Idaho, 550 W. Fort St., Boise, ID 83724. Defendant shall submit nominal monthly payments of 10% of gross income, but not less than $25 per month, during the term of supervised release.  This payment schedule will remain in effect unless further modified by the Court.  A review may take place at any time and will be based upon a change in the Defendant's financial circumstances.

2) The Defendant shall provide the Probation Officer with access to any requested financial information.

3) The defendant shall not incur new credit charges or open additional lines of credit without the approval of the probation officer unless the defendant is in compliance with the installment payment schedule.

4) The defendant shall submit his person, property, house, residence, vehicle, papers, computers (as defined in 18 § 1030(e)(1)), other electronic communications or data storage devices or media, or office, to a search conducted by a United States probation officer. The defendant shall warn any other occupants that the premises may be subject to searches pursuant to this condition. Any search must be conducted at a reasonable time and in a reasonable manner.

5) The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 § 16901) anywhere in which the defendant resides, works, is a student, or was convicted of a qualifying offense.

6) The defendant may not possess or use a computer or other electronic device connected to the internet without prior approval from the probation officer.

7) Upon the approval of the probation officer, the defendant shall consent to the United States Probation Office conducting ongoing monitoring of his computer(s), hardware, software, and other

electronic devices/media. The monitoring may include the installation, at the defendant's expense, of hardware or software systems which allows evaluation of his computer use. Monitoring may also include the retrieval and copying of all data from his computer or other electronic devices/media. Monitoring may occur at any time with or without reasonable suspicion of violations of supervised release or probation.

8) The defendant shall also comply with the requirements of the United States Probation Computer Monitoring Program as directed.

9) The defendant will participate, at the direction of his probation officer, in an evaluation for sexual deviancy by a qualified mental health professional who is experienced in treating and managing sexual offenders, such as a member of the Association for the Treatment of Sexual Abusers (ATSA). The defendant agrees to waive any right to confidentiality and allow the treatment provider to supply a written report to the United States Probation Office.

10) The defendant will successfully complete any course of treatment related to his offense, as directed by the probation officer, including but not limited to cognitive/behavioral treatment for sexual deviancy under the direction of a qualified mental health professional who is experienced in treating and managing sexual offenders, such as a member of the Association for the Treatment of Sexual Abusers. The defendant shall follow the rules of the treatment program as if they are the orders of the Court. The costs shall be paid by both the government and the defendant and based on the defendant's ability to pay.

11) The defendant will participate in polygraph testing at the direction of the probation officer and/or treatment staff to monitor compliance with treatment conditions and supervised release conditions specific to the supervision of a sex offender.

12) The defendant shall not have unsupervised contact with children under the age of eighteen without the written approval of his probation officer, and only in the company of an adult approved by the probation officer and treatment provider who is trained to serve as a chaperone for sexual offenders.

13) The defendant will not reside or loiter within 300 feet of schoolyards, parks, playgrounds, arcades or other places primarily used by children under the age of eighteen.

14) The defendant may not engage in any paid occupation, vocation, volunteer service or calling that exposes him either directly or indirectly to minors, unless approved in advance by his probation officer.

15) The defendant will not possess any obscenity, or sexually explicit or nudist visual material involving minors, or persons who appear to be minors, nor shall he knowingly patronize any place where such material or entertainment is available.

16) The defendant shall not possess any written text material describing sex with minors, except that which may be necessary to complete sex offender treatment (e.g., treatment journals, sexual autobiography), and to prepare collateral challenges to aspects of the defendant's case and/or sentence (e.g., presentence report, statutes, case law).

17) Throughout the term of supervised release, the defendant shall participate in GPS monitoring, at the discretion of the probation officer, to ensure that the defendant does not frequent restricted locations. The cost of GPS monitoring shall be paid by the government and the defendant, and based upon the defendant's ability to pay.

18) The defendant shall not engage in a romantic relationship with anyone who has minor children without the written approval of the probation officer and only after that person is trained to serve as a chaperone for sexual offenders.

(X) Defendant advised of penalties for violation of terms and conditions of supervised release.

(X) Right to appeal explained.

(X) Preliminary Order of Forfeiture is forthcoming.

(X) The following property is deemed forfeited:

Defendant's interest in (1) any visual depiction described in Title 18, United States Code, Section 2252, et. Seq., and any matter which contains any such visual depiction, which was produced, transported, mailed, shipped, or received in violation of Title 18, United States Code, Sections 2251 and 2252; (2) any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from such offense; and (3) any property, real or personal, used or intended to be used to commit or to promote the commission of the foregoing offense, including property traceable to such property, that is, a HP laptop computer, serial number CNF8223B14, a Hitachi hard drive, serial number 080424DP0C10DSGKEANP, a black Samsung digital camera model VLUUL77, and a Kingston SD card.

(X) Defendant remanded to the custody of the United States

Marshals Service.