AO 245B     (Rev. 06/05) Judgment in a Criminal Case
Sheet 1

# UNITED STATES DISTRICT COURT

District of _____ Idaho _____

| | |
|---|---|
| UNITED STATES OF AMERICA<br>V.<br>MICHAEL JAMES ANGUS | **JUDGMENT IN A CRIMINAL CASE** |

Case Number:     1:12-CR-00178-001-BLW

USM Number:     14747-023

Gerald Bublitz
Defendant's Attorney

## THE DEFENDANT:

X  pleaded guilty to count(s)    One of an Information

☐  pleaded nolo contendere to count(s) _____
    which was accepted by the court.

☐  was found guilty on count(s) _____
    after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 § 2252(a)(4)(B) | Possession of Sexually Explicit Images of Minors | 11/18/2011 | 1 |

    The defendant is sentenced as provided in pages 2 through ___8___ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

    The defendant has been found not guilty on count(s) _____

☐ Count(s) _____ ☐ is ☐ are dismissed on the motion of the United States.

    It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

November 13, 2012
Date of Imposition of Judgment

_____
Signature of Judge

B. Lynn Winmill, United States District Judge
Name and Title of Judge

_____11-14-12_____
Date

AO 245B    (Rev. 06/05) Judgment in Criminal Case
Sheet 2 — Imprisonment

DEFENDANT:          MICHAEL JAMES ANGUS
CASE NUMBER:        1:12-CR-00178-001-BLW

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:       120 months

Defendant shall submit to DNA collection while incarcerated by the Bureau of Prisons or, absent collection while imprisoned, then at the direction of the U.S. Probation Office upon release.

X    The court makes the following recommendations to the Bureau of Prisons:
     that the defendant be credited with all time served, and that the defendant be placed in the facility at FCI-Lompoc or a facility where the defendant can receive sex offender treatment.

X    The defendant is remanded to the custody of the United States Marshal.

☐    The defendant shall surrender to the United States Marshal for this district:

     ☐   at   _____  ☐ a.m.  ☐ p.m.   on   _____ .

     ☐   as notified by the United States Marshal.

☐    The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

     ☐   before 2 p.m. on   _____ .

     ☐   as notified by the United States Marshal.

     ☐   as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on   _____  to  _____

a_____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By  _____
DEPUTY UNITED STATES MARSHAL

AO 245B    (Rev. 06/05) Judgment in a Criminal Case
            Sheet 3 — Supervised Release

Judgment—Page __3__ of __8__

DEFENDANT:        MICHAEL JAMES ANGUS
CASE NUMBER:      1:12-CR-00178-001-BLW

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of :      Life

Court finds that the defendant poses a high risk of future substance abuse such that mandatory drug testing is ordered pursuant to 18 U.S.C. § 3563(a)(5) or 18 U.S.C. § 3583(d).

   The defendant must report to the probation office in the district to which the defendant is released or allowed to re-enter within 72 hours of release from the custody of the Bureau of Prisons, or re-entry to the United States.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment on supervised release and to periodic drug tests thereafter, not to exceed a maximum number of 5 per month.

X    The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

X    The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable.)

X    The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)

X    The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student. (Check, if applicable.)

☐    The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

   If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

   The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1)    the defendant shall not leave the judicial district without the permission of the court or probation officer;

2)    the defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;

3)    the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4)    the defendant shall support his or her dependents and meet other family responsibilities;

5)    the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6)    the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7)    the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8)    the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9)    the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10)   the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11)   the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12)   the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and

13)   as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B    (Rev. 06/05) Judgment in a Criminal Case
           Sheet 3C — Supervised Release

Judgment—Page __4__ of __8__

DEFENDANT:       MICHAEL JAMES ANGUS
CASE NUMBER:     1:12-CR-00178-001-BLW

## SPECIAL CONDITIONS OF SUPERVISION

1) The Defendant shall pay any special assessment or other financial obligation that is imposed by this judgement and that remains unpaid at the commencement of supervised release as a condition of supervision. Payments to be made to Clerk of the Court, District of Idaho, 550 W. Fort St., Boise, ID 83724. Defendant shall submit nominal monthly payments of 10% of gross income, but not less than $25 per month, during the term of supervised release. This payment schedule will remain in effect unless further modified by the Court. A review may take place at any time and will be based upon a change in the Defendant's financial circumstances.

2) The Defendant shall provide the Probation Officer with access to any requested financial information.

3) The defendant shall not incur new credit charges or open additional lines of credit without the approval of the probation officer unless the defendant is in compliance with the installment payment schedule.

4) The defendant shall submit his person, property, house, residence, vehicle, papers, computers (as defined in 18 § 1030(e)(1)), other electronic communications or data storage devices or media, or office, to a search conducted by a United States probation officer. Except as otherwise provided in the computer monitoring provisions of paragraph 7, such a search may only be undertaken when the probation officer has reasonable suspicion that the defendant has violated a condition of supervised release and evidence of such violation may be discovered at the premises to be searched. The defendant shall warn any other occupants that the premises may be subject to searches pursuant to this condition. Any search must be conducted at a reasonable time and in a reasonable manner.

5) The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 § 16901) anywhere in which the defendant resides, works, is a student, or was convicted of a qualifying offense.

6) The defendant may not possess or use a computer or other electronic device connected to the internet without prior approval from the probation officer.

7) Upon the approval of the probation officer, the defendant shall consent to the United States Probation Office conducting ongoing monitoring of his computer(s), hardware, software, and other electronic devices/media. The monitoring may include the installation, at the defendant's expense, of hardware or software systems which allows evaluation of his computer use. Monitoring may also include the retrieval and copying of all data from his computer or other electronic devices/media. Monitoring may occur at any time with or without reasonable suspicion of violations of supervised release or probation.

8) The defendant shall also comply with the requirements of the United States Probation Computer Monitoring Program as directed.

9) The defendant will participate, at the direction of his probation officer, in an evaluation for sexual deviancy by a qualified mental health professional who is experienced in treating and managing sexual offenders, such as a member of the Association for the Treatment of Sexual Abusers (ATSA). The defendant agrees to waive any right to confidentiality and allow the treatment provider to supply a written report to the United States Probation Office.

10) The defendant will successfully complete any course of treatment related to his offense, as directed by the probation officer, including but not limited to cognitive/behavioral treatment for sexual deviancy under the direction of a qualified mental health professional who is experienced in treating and managing sexual offenders, such as a member of the Association for the Treatment of Sexual Abusers. The defendant shall follow the rules of the treatment program as if they are the orders of the Court. The costs shall be paid by both the government and the defendant and based upon the defendant's ability to pay.

11) The defendant will participate in polygraph testing at the direction of the probation officer and/or treatment staff to monitor compliance with treatment conditions and supervised release conditions specific to the supervision of a sex offender.

Special conditions of supervised release shall supersede any standard condition that is inconsistent with the special conditions.

AO 245B     (Rev. 05/06) Judgment in a Criminal Case
            Sheet 4B — Probation

Judgment—Page __5__ of __8__

DEFENDANT:          MICHAEL JAMES ANGUS
CASE NUMBER:        1:12-CR-00178-001-BLW

## ADDITIONAL SPECIAL CONDITIONS OF SUPERVISION

12) The defendant shall not have unsupervised contact with children under the age of eighteen without the written approval of his probation officer, and only in the company of an adult approved by the probation officer and treatment provider who is trained to serve as a chaperone for sexual offenders.

13) The defendant will not reside or loiter within 300 feet of schoolyards, parks, playgrounds, arcades or other places primarily used by children under the age of eighteen.

14) The defendant may not engage in any paid occupation, vocation, volunteer service or calling that exposes him either directly or indirectly to minors, unless approved in advance by his probation officer.

15) The defendant will not possess any obscenity, or sexually explicit or nudist visual material involving minors, or persons who appear to be minors, nor shall he knowingly patronize any place where such material or entertainment is available.

16) The defendant shall not possess any written text material describing sex with minors, except that which may be necessary to complete sex offender treatment (e.g., treatment journals, sexual autobiography), and to prepare collateral challenges to aspects of the defendant's case and/or sentence (e.g., presentence report, statutes, case law).

17) Throughout the term of supervised release, the defendant shall participate in GPS monitoring, at the discretion of the probation officer, to ensure that the defendant does not frequent restricted locations. The cost of GPS monitoring shall be paid by the government and the defendant, and based upon the defendant's ability to pay.

18) The defendant shall not engage in a romantic relationship with anyone who has minor children without the written approval of the probation officer and only after that person is trained to serve as a chaperone for sexual offenders.

Judgment — Page ___6___ of ___8___

DEFENDANT:         MICHAEL JAMES ANGUS
CASE NUMBER:       1:12-CR-00178-001-BLW

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 7.

|            | **Assessment** | **Fine** | **Restitution** |
|------------|----------------|----------|-----------------|
| **TOTALS** | $  100.00      | $waived  | $ deferred      |

X    The determination of restitution is deferred until ___Jan 2013___ . An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☐    The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss\*** | **Restitution Ordered** | **Priority or Percentage** |
|-------------------|------------------|-------------------------|----------------------------|
|                   |                  |                         |                            |

| **TOTALS** | $ _____ | $ _____ |
|------------|--------------|--------------|

☐    Restitution amount ordered pursuant to plea agreement  $ _____

☐    The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐    The court determined that the defendant does not have the ability to pay interest and it is ordered that:

☐    the interest requirement is waived for the    ☐ fine    ☐ restitution.

☐    the interest requirement for the    ☐ fine    ☐ restitution is modified as follows:

---

\* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

Judgment — Page   7   of   8

DEFENDANT:        MICHAEL JAMES ANGUS
CASE NUMBER:      1:12-CR-00178-001-BLW

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

**A**  ☐  Lump sum payment of $ _____ due immediately, balance due

      ☐  not later than _____ , or
      ☐  in accordance      ☐ C,  ☐ D,  ☐ E, or  ☐ F below; or

**B**  X  Payment to begin immediately (may be combined with  ☐ C,  ☐ D, or  X F below); or

**C**  ☐  Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

**D**  ☐  Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

**E**  ☐  Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F**  X  Special instructions regarding the payment of criminal monetary penalties:

    $100.00 special assessment is due immediately. Restitution is deferred. Payments to be made to Clerk of the Court, District of Idaho, 550 W. Fort St., Boise, ID 83724. Defendant shall submit nominal payments of not less than $25 per quarter while incarcerated through the Inmate Financial Responsibility Program. The Defendant shall pay any special assessment or other financial obligation that is imposed by this judgement and that remains unpaid at the commencement of supervised release as a condition of supervision. Defendant shall submit nominal monthly payments of 10% of gross income, but not less than $25 per month, during the term of supervised release.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐  Joint and Several

    Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐  The defendant shall pay the cost of prosecution.

☐  The defendant shall pay the following court cost(s):

X  The defendant shall forfeit the defendant's interest in the following property to the United States:
    (See page 8 of 8)

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

Judgment—Page __8__ of __8__

DEFENDANT:         MICHAEL JAMES ANGUS
CASE NUMBER:    1:12-CR-00178-001-BLW

## ADDITIONAL FORFEITED PROPERTY

Defendant's interest in (1) any visual depiction described in Title 18, United States Code, Section 2252, et. Seq., and any matter which contains any such visual depiction, which was produced, transported, mailed, shipped, or received in violation of Title 18, United States Code, Sections 2251 and 2252; (2) any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from such offense; and (3) any property, real or personal, used or intended to be used to commit or to promote the commission of the foregoing offense, including property traceable to such property, that is, a HP laptop computer, serial number CNF8223B14, a Hitachi hard drive, serial number 080424DP0C10DSGKEANP, a black Samsung digital camera model VLUUL77, and a Kingston SD card.